FILED
United States Court of Appeals
Tenth Circuit

October 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUDOLPH A. JACKSON,

      Petitioner-Appellant,

v.

WARDEN GREEN OF THE BUENA
VISTA CORRECTIONAL FACILITY,
and THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1364
(D.C. No. 1:10-CV-788-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

Rudolph A. Jackson was convicted in Colorado for aggravated robbery,

theft, menacing, and three counts of being a habitual offender. He was sentenced

to a prison term of sixty-four years. On direct review, the Colorado Court of

Appeals affirmed his conviction in all respects, except that it remanded with

instructions to address Mr. Jackson's ineffective assistance of counsel claim in

connection with his habitual offender conviction. The trial court, on remand,

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ultimately rejected that claim. The Colorado Court of Appeals later affirmed that decision and the Colorado Supreme Court denied Mr. Jackson's petition for a writ of certiorari on October 4, 1999.

More than two years later, on May 21, 2002, Mr. Jackson filed a motion for post-conviction relief, which the state trial court denied. He later filed another post-conviction motion that was again denied. Finally, on March 8, 2004, Mr. Jackson filed in federal district court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before any decision on the merits, however, Mr. Jackson voluntarily dismissed his petition. More than six years later, Mr. Jackson filed the present § 2254 petition. In a thorough ten-page order, the district court dismissed the petition as time-barred, stating that Mr. Jackson did not bring his motion within one year from the date on which his conviction became final, as required by 28 U.S.C. § 2244(d)(1)(A).

Mr. Jackson now seeks from us a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2254 petition. We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mindful of Mr. Jackson's *pro se* status, in making this requisite assessment we review his

claims with liberality. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). Even doing so, however, we conclude that the district court was unquestionably correct in holding Mr. Jackson's petition time-barred, and for substantially the same reasons given by the district court, we deny Mr. Jackson's application for a COA, dismiss this appeal, and deny his motion for leave to proceed in forma pauperis.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge